J-S58041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| THOMAS WILLIAM CASWELL | : | |
| | : | |
| Appellant | : | No. 309 MDA 2017 |

Appeal from the PCRA Order February 3, 2017
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0007203-2015

BEFORE:  GANTMAN, P.J., SHOGAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:          **FILED SEPTEMBER 28, 2017**

Appellant, Thomas William Caswell, appeals from the order entered in the York County Court of Common Pleas, which denied his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. On September 17, 2015, Appellant went to the home of his neighbor ("Victim") because Appellant was upset that Victim parked too close to Appellant's wife's car.  Appellant knocked on Victim's door, exchanged words with Victim, shoved Victim inside his home, and punched Victim repeatedly. Victim suffered a broken cheekbone, chipped/broken teeth, and other

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

injuries. The Commonwealth charged Appellant with aggravated assault, two counts of simple assault, burglary, disorderly conduct, public drunkenness, and defiant trespass.

On February 29, 2016, Appellant entered a negotiated guilty plea to burglary in exchange for the Commonwealth's withdrawal of the remaining charges and a recommended sentence of five to ten years' imprisonment. Appellant executed a written guilty plea colloquy confirming his plea was voluntary. The court also conducted an oral plea colloquy, during which Appellant admitted he "got in a situation [with Victim] over a parking space," "went to [Victim's] house, knocked on his door," "pushed [Victim and] got into a physical altercation inside [Victim's] house." (N.T. Guilty Plea Hearing, 2/29/16, at 4). Appellant also stated he opened the door to Victim's home, had not been invited inside, and intended to have a physical altercation with Victim when he entered Victim's residence. (*Id.* at 4-5). At the conclusion of the plea colloquy, the court accepted Appellant's guilty plea as knowing, intelligent, and voluntary, and imposed the recommended sentence of five to ten years' imprisonment.

On March 15, 2016, plea counsel filed, on Appellant's behalf, a post-sentence motion to withdraw the guilty plea *nunc pro tunc*. Plea counsel also requested to withdraw as counsel because Appellant had alleged that plea counsel coerced Appellant's guilty plea. The court accepted the *nunc pro tunc* filing, appointed new counsel, and scheduled a hearing on the post-

- 2 -

sentence motion.

The court held a hearing on Appellant's post-sentence motion on June 9, 2016, at which Appellant and plea counsel testified. Appellant testified, *inter alia*: (1) plea counsel told Appellant that if he proceeded to trial and a jury convicted him, Appellant could face a longer sentence of seven to fourteen or twelve to fourteen years' imprisonment; (2) Appellant was in a state of paranoia when plea counsel told Appellant he could face such a lengthy sentence; (3) Appellant figured he would just plead guilty because five to ten years' imprisonment was more favorable than seven or twelve to fourteen years' imprisonment; (4) Appellant did not have his glasses with him when he executed the written guilty plea colloquy; (5) Appellant did not understand what he was signing; (6) plea counsel told Appellant, "we are in a hurry" and encouraged Appellant to complete the plea colloquy quickly; (7) plea counsel told Appellant to tell the court he intended to steal when he entered Victim's premises, so the court would accept his guilty plea; (8) Appellant is innocent of burglary because he did not rob Victim, steal from Victim, or break Victim's door; (9) counsel only visited Appellant twice in prison; and (10) plea counsel coerced Appellant to plead guilty under these circumstances. (N.T. Motion to Withdraw Guilty Plea Hearing, 6/9/16, at 6-32).

Plea counsel testified, *inter alia*: (1) he visited Appellant in prison four times, to the best of counsel's recollection; (2) counsel reviewed discovery

- 3 -

with Appellant and discussed the options of going to trial or pleading guilty; (3) plea counsel discussed Appellant's prior record score and the offense gravity scores of the crimes charged and informed Appellant about the possible sentences he could face in light of those scores; (4) the Commonwealth initially offered Appellant a plea deal of seven to fourteen years' imprisonment if Appellant pled guilty to aggravated assault; (5) plea counsel negotiated with the prosecutor to secure a more favorable plea deal of five to ten years' imprisonment for a guilty plea to burglary; (6) when plea counsel told Appellant the Commonwealth's offer of five to ten years' imprisonment, Appellant said: "I'll just take it"; (7) counsel reviewed the written plea colloquy with Appellant, and Appellant executed the colloquy; (8) Appellant gave no indication that he did not understand what he was doing; (9) plea counsel did not instruct Appellant to tell the court he entered Victim's home with the intent to steal; and (10) Appellant gave no indication to counsel that Appellant did not want to plead guilty but he did express dissatisfaction with the length of the sentence. (*Id.* at 32-48).

At the conclusion of the hearing on Appellant's motion to withdraw his plea, the court stated:

> [Appellant's] claim today [is] that he was coerced into entering his plea of guilty. We find that he has not established that by any evidence. We have reviewed again today the guilty plea colloquy which [Appellant] signed. He has indicated that all of the answers contained therein were written by himself.
>
> We have further reviewed the transcript of the verbal

> colloquy that this [c]ourt entered into directly with [Appellant] and based on that verbal colloquy, this [c]ourt made a finding that [Appellant] had knowingly, voluntarily, and intelligently waived his right to trial.
>
> It appears that [Appellant] is not happy with the length of his sentence. But we do not believe that he has established any basis to withdraw his guilty plea and we deny the motion.

(*Id.* at 49). Appellant did not file a direct appeal.

On July 25, 2016, Appellant timely filed a *pro se* PCRA petition, alleging plea counsel unlawfully induced his guilty plea. The court appointed counsel ("PCRA counsel"), who filed an amended PCRA petition on November 10, 2016. On January 17, 2017, the Commonwealth filed a motion to dismiss, claiming Appellant was ineligible for PCRA relief because he had already litigated the same issue before the trial court in his post-sentence motion. The court held a PCRA hearing on February 3, 2017, at which the parties agreed to incorporate the testimony from the June 9, 2016 hearing on Appellant's motion to withdraw his guilty plea. The court denied the Commonwealth's motion to dismiss, based on the court's conclusion that the issue had not been "previously litigated," as defined in the PCRA. The court denied PCRA relief on the merits. Appellant timely filed a notice of appeal on February 17, 2017. On February 24, 2017, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on March 8, 2017.

Preliminarily, appellate counsel has filed a motion to withdraw as

counsel and an accompanying brief pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Before counsel can be permitted to withdraw from representing a petitioner under the PCRA, Pennsylvania law requires counsel to file a "no-merit" brief or letter pursuant to **Turner** and **Finley**. **Commonwealth v. Karanicolas**, 836 A.2d 940 (Pa.Super. 2003).

> [C]ounsel must…submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007). Counsel must also send to the petitioner a copy of the "no-merit" letter or brief and motion to withdraw and advise petitioner of his right to proceed *pro se* or with privately retained counsel. **Id.** "Substantial compliance with these requirements will satisfy the criteria." **Karanicolas, supra** at 947.

Instantly, appellate counsel filed a motion to withdraw as counsel and a **Turner**/**Finley**[2] brief detailing the nature of counsel's review and

_____

[2] Counsel incorrectly designated his brief as one per **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), which applies to attorneys seeking to withdraw representation on direct appeal. We can accept counsel's filing in this case as a **Turner**/**Finley** brief. **See Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004), *appeal denied*, 584 Pa. 691, 882 A.2d 477 (2005) (stating Superior Court can accept **Anders** brief in *lieu* of **Turner**/**Finley** brief, where PCRA counsel seeks to withdraw on appeal).

explaining why Appellant's issue lacks merit. Counsel's brief also demonstrates he reviewed the certified record and found no meritorious issues for appeal. Counsel notified Appellant of counsel's request to withdraw, and Appellant was later correctly advised regarding his rights.[3] Thus, counsel substantially complied with the **Turner**/**Finley** requirements. **See Wrecks, supra**; **Karanicolas, supra**.

Appellant raises the following issue in the brief filed on appeal:

WHETHER APPELLANT'S APPEAL CONTENDING THE DENIAL OF HIS PCRA IS WHOLLY FRIVOLOUS AND WITHOUT ARGUABLE MERIT…?

(**Turner**/**Finley** Brief at 6).[4]

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. **Commonwealth v. Ford**, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings.

---

[3] Counsel initially informed Appellant that he had the right to retain private counsel or proceed *pro se* only if this Court granted counsel's petition to withdraw. In light of counsel's advice, this Court issued a *per curiam* order on June 22, 2017, notifying Appellant that he could respond to counsel's "no-merit" brief, either *pro se* or via privately-retained counsel, within 30 days. Appellant subsequently submitted a *pro se* response. Thus, any defect in counsel's advice has been cured.

[4] Appellant does not present any specific questions for review in his *pro se* response but merely reiterates his claim that counsel coerced his guilty plea.

*Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). If the record supports a post-conviction court's credibility determination, it is binding on the appellate court. *Commonwealth v. Dennis*, 609 Pa. 442, 17 A.3d 297 (2011).

Appellant argues he did not want to plead guilty unless the Commonwealth offered a sentence of only one to two years' imprisonment. Appellant asserts plea counsel coerced Appellant to accept the Commonwealth's offer of five to ten years' imprisonment by telling Appellant he could face a much greater sentence if a jury convicted him. Appellant maintains he did not want to accept the Commonwealth's offer because it was more than one to two years' imprisonment, and in light of the fact that Victim spat on Appellant's face when Appellant knocked on Victim's door. Appellant contends plea counsel "rushed" Appellant into the courtroom to accept the plea offer and did not give him adequate time to think it over. Appellant claims he was unable to read the written plea colloquy because he did not have his glasses. Appellant insists plea counsel just told him where to initial and sign the written plea colloquy. Appellant avers counsel told Appellant to tell the court that he intended to commit a theft when he entered Victim's premises. Appellant concludes plea counsel was ineffective, and this Court must vacate and remand for appropriate further proceedings. (Appellant also baldly asserts PCRA counsel was also ineffective for filing a *Turner/Finley* brief on appeal. Appellant failed to develop this claim in any

meaningful way, so we decline to consider it.) We disagree.

To be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence: "[t]hat the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3). The PCRA defines "previous litigation" as follows:

**§ 9544.  Previous litigation and waiver**

**(a)  Previous litigation.**—For purposes of this subchapter, an issue has been previously litigated if:

\*     \*     \*

(2)    the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue; or

(3)    it has been raised and decided in a proceeding collaterally attacking the conviction or sentence.

42 Pa.C.S.A. § 9544(a)(2-3) .

Instantly, the Commonwealth filed a motion to dismiss Appellant's PCRA petition, arguing he was ineligible for relief because he had already litigated his ineffectiveness claim before the trial court. Although the trial court heard and considered Appellant's coercion claim in the context of his post-sentence motion to withdraw his guilty plea, no appellate court has ruled on Appellant's ineffectiveness of counsel claim, and Appellant did not previously present his issue in the context of a collateral proceeding. Consequently, the court properly denied the Commonwealth's motion to dismiss on this ground, and Appellant is eligible for relief under the PCRA.

*See id.*

Turning to the merits of Appellant's claim, the law presumes counsel has rendered effective assistance. *Commonwealth v. Gonzalez*, 858 A.2d 1219, 1222 (Pa.Super. 2004), *appeal denied*, 582 Pa. 695, 871 A.2d 189 (2005). To prevail on a claim of ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Turetsky*, 925 A.2d 876 (Pa.Super. 2007), *appeal denied*, 596 Pa. 707, 940 A.2d 365 (2007). The petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable strategic basis for his action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Id.* at 880. "The petitioner bears the burden of proving all three prongs of the test." *Id.*

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa.Super. 2007) (internal citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within

the range of competence demanded of attorneys in criminal cases." *Id.*

Pennsylvania law does not require the defendant to "be pleased with the

outcome of his decision to enter a plea of guilty[; a]ll that is required is that

his decision to plead guilty be knowingly, voluntarily and intelligently made."

*Id.* at 528-29. A guilty plea will be deemed valid if the totality of the

circumstances surrounding the plea shows that the defendant had a full

understanding of the nature and consequences of his plea such that he

knowingly and intelligently entered the plea of his own accord.

***Commonwealth v. Fluharty***, 632 A.2d 312 (Pa.Super. 1993).

Pennsylvania law presumes the defendant is aware of what he is doing when

he enters a guilty plea, and the defendant bears the burden to prove

otherwise. ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa.Super.

2003). Mere disappointment in the sentence does not constitute the

necessary "manifest injustice" to render the defendant's guilty plea

involuntary. *Id.* at 522.

Instantly, the PCRA court explained:[5]

> Here, Appellant argues that his [plea] counsel was
> ineffective for forcing him to enter a guilty plea. This
> [c]ourt finds Appellant's assertion to be without merit.
> Appellant signed an extensive written colloquy form prior
> to entering his guilty plea. This [c]ourt then engaged
> Appellant in a verbal colloquy on the record. At no time
> did Appellant ever assert that he did not understand the

---

[5] The PCRA court also presided over Appellant's guilty plea and motion to withdraw guilty plea proceedings.

- 11 -

written colloquy, that he could not read the colloquy, that he was being threatened or coerced by his counsel or that he did not understand that he was not required to enter a plea and had the right to go to trial. In fact, Appellant answered all of the [c]ourt's questions indicating that he understood what he was doing and that it was his voluntary desire to enter the plea. Appellant has failed to show that the underlying issue has arguable merit.

(Trial Court Opinion, filed April 3, 2017, at 5) (internal citation omitted). The record supports the court's analysis. **See Ford, supra**; **Boyd, supra**.

The record shows Appellant executed a written guilty plea colloquy affirming that his decision to plead guilty was knowing, intelligent, and voluntary. As well, the court performed a thorough oral plea colloquy, during which Appellant expressed no reservations about his decision to plead guilty. Appellant explained the factual basis for his plea to burglary, stating he "got in a situation [with Victim] over a parking space," "went to [Victim's] house, knocked on his door," "pushed [Victim and] got into a physical altercation inside [Victim's] house." (N.T. Guilty Plea Hearing at 4). Appellant also said he opened the door to Victim's home, had not been invited inside, and intended to have a physical altercation with Victim when he entered Victim's premises. (**Id.** at 4-5). Contrary to Appellant's assertions, Appellant did not say on the record that he entered Victim's home to commit a theft; and the intent to commit a theft is not required for a burglary conviction in any event. (**See id.**) **See also** 18 Pa.C.S.A. § 3502(a)(1) (stating person commits burglary if, with intent to commit crime therein, person enters building or occupied structure that is adapted for

overnight accommodations in which at time of offense any person is present and person commits, attempts or threatens to commit bodily injury crime). In exchange for Appellant's guilty plea to burglary, the Commonwealth withdrew numerous charges and recommended a sentence of five to ten years' imprisonment, which the court imposed. Nothing in Appellant's guilty plea hearing proceeding suggests Appellant's plea was unknowing, unintelligent, or involuntary. **See Pollard, supra**; **Moser, supra**.

Additionally, the court heard from Appellant and plea counsel at the hearing on Appellant's motion to withdraw his guilty plea. Plea counsel testified, *inter alia*, he met with Appellant on multiple occasions to discuss the strength of Appellant's case and the possibility of entering a guilty plea; reviewed Appellant's prior record score and the offense gravity scores of the crimes charged and informed Appellant about the possible sentences he could face in light of those scores; secured a more favorable plea deal than the Commonwealth initially offered; and, after Appellant agreed to accept the Commonwealth's offer of a recommendation of five to ten years' imprisonment in exchange for Appellant's guilty plea, counsel reviewed the written plea colloquy with Appellant before Appellant signed it. Plea counsel also said Appellant gave no indication that he did not understand what he was doing. The court's decision to deny relief indicates the court credited plea counsel's testimony. **See Dennis, supra**. The totality of the circumstances demonstrates Appellant had a full understanding of the nature

and consequences of his guilty plea. *See Fluharty, supra*. Therefore, Appellant's ineffectiveness claim lacks arguable merit. *See Turetsky, supra*. Following our independent examination of the record, we conclude the appeal is frivolous and affirm; we grant counsel's petition to withdraw.

Order affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/28/2017